Mary J. Rawles, appellee, v. Samuel A. Reichenbach, appellant, et al.

Filed June 4, 1902.    No. 11,036.

Commissioner's opinion, Department No. 1.

1. **Homestead:** Conveyance: Incumbrance: Husband and Wife. The homestead of married persons in this state can not be conveyed or incumbered, unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife.

2. ———: Husband and Wife: Occupancy: Contract of Purchase. Where a husband and wife are occupying premises as a homestead, held by either under a contract of purchase, the contract can not be assigned so as to create a lien upon the premises except by an instrument executed and acknowledged by both husband and wife.

3. **Evidence:** Homestead. Evidence examined and *held* sufficient to show the homestead character of the premises at the time of the assignment of the contract.

4. ———: Usury. Evidence examined and *held* to sustain the defense of usury, and that the debt had been fully paid and discharged.

Appeal from the district court for Polk county. Heard below before Bates, J. *Affirmed.*

*Matt Miller,* for appellant.

*M. A. Mills, F. D. Mills* and *H. C. Beebe, contra.*

Day, C.

Mary J. Rawles, a married woman, commenced this action in the district court of Polk county against S. A. Reichenbach and her husband, S. B. Rawles, praying that an assignment of a certain school-land sale contract, which assignment had been made by said S. B. Rawles to S. A. Reichenbach, be canceled and set aside; that the title to said premises be established and confirmed in the plaintiff as against the defendant Reichenbach; that said premises be decreed to be the homestead of the plaintiff, and

that the defendant Reichenbach be restrained and enjoined from making any claim to said premises by virtue of the assignment of the said contract. The grounds upon which the plaintiff based her claim for relief were (1) that she was the owner of said school-land sale contract, and that the assignment thereof by S. B. Rawles was made without her authority or consent; and (2) that the premises sought to be conveyed by the assignment of the contract were at the time the homestead of the plaintiff and her family, and that she did not join in the conveyance, or authorize it to be made. The plaintiff also made a tender in court, for the use and benefit of the defendant Reichenbach, of $69.12, to reimburse him for payments made to the state of Nebraska on said contract during the period he was holding the same. The answer of the defendant Reichenbach admitted the marital relations of the plaintiff and S. B. Rawles, and denied generally the other allegations of the petition, and alleged that upon different dates he had loaned various sums of money to the defendant S. B. Rawles for the purpose of making payments to the state of Nebraska upon the said school-land contract; that on January 12, 1892, he had loaned to defendant Rawles $596.20, for the purpose of making payments upon said school-land contract, and, in order to secure the payment of this sum, defendant Rawles on said date assigned to him the said contract; that since that date the defendant had advanced and paid to the state of Nebraska, to keep said contract from becoming forfeited, the sum of $69.12. Reichenbach prayed that he have a lien upon the premises for the sums above named, with interest thereon. By his answer the defendant S. B. Rawles admitted the cause of action alleged in the petition, and, by way of answer and cross-petition as against the defendant Reichenbach, alleged that in February, 1889, he and his wife and their children moved onto the land described in the said contract and have ever since resided thereon and occupied the same as a homestead; that the premises are of less extent than 160 acres, and of less value than $2,000, and that

neither the plaintiff nor himself, since February, 1889, have owned any other lands or town lots which they could claim or occupy as a homestead. He further denied that he borrowed from Reichenbach $596.20, or any other sum, at any time, to make payments upon said contract, and alleged that the indebtedness sought to be enforced by Reichenbach grew out of an usurious contract between himself and said Reichenbach, and that the sums borrowed by him had been paid. He prayed that the assignment made by him of the land contract be declared null and void; that the premises be decreed to be the homestead of the plaintiff and himself, and that the various sums paid by him to Reichenbach be applied in full payment of the principal sum which may be found to be due to said Reichenbach. To the cross-petition of Rawles, Reichenbach filed a general denial. The trial resulted in a decree in favor of Mary J. Rawles, based upon findings that she was the owner of the school-land sale contract, and that the assignment thereof by her husband was without her consent, and also that the premises were the homestead of the plaintiff and her family, and decreed that the clerk pay to the defendant Reichenbach the sum of $69.12, tendered to him on account of payments advanced by him upon the contract. The court also found that the defendant S. B. Rawles on January 12, 1892, was indebted to Reichenbach on two promissory notes,—one for $225.50, dated March 1, 1890, and one for the sum of $325, dated April 24, 1889; that the notes were renewed from time to time, and that the notes now held by said Reichenbach against Rawles upon which a recovery is sought are renewals of said notes, and are not based upon any other consideration; that the original notes were usurious; that on March 1, 1890, said S. B. Rawles entered into a verbal contract to pay interest upon said indebtedness at the rate of 18 per cent., and that said Rawles has paid to said Reichenbach on said indebtedness the sum of $753.82, and that said sum so paid is more than sufficient to pay the principal of all sums of money loaned by Reichenbach to

said Rawles; and that, after applying the payments made by said Rawles to discharge the principal, there is nothing due the defendant Reichenbach, and on the issues between the defendant Reichenbach and Rawles, the court found for the defendant Rawles. From this decree the defendant Reichenbach has brought the case to this court by appeal.

The record in this case is quite voluminous, and the testimony upon all the questions presented is conflicting, and, with respect to the amount of the payments made by Rawles to Reichenbach, is very unsatisfactory. In our opinion, however, the evidence fairly establishes that the plaintiff was the owner of the school-land sale contract, which had originally been issued to one J. H. Haine, and by him sold to the plaintiff, but by an error the assignment thereof was made to S. B. Rawles. To correct this mistake S. B. Rawles executed to the plaintiff an assignment of the contract upon a separate paper, which was attached to the contract. This latter assignment was removed by S. B. Rawles without the knowledge or consent of the plaintiff, and an assignment made by him to defendant Reichenbach as security for certain indebtedness owed by S. B. Rawles. The testimony also shows that, at the time of the assignment of the contract by Rawles to Reichenbach, the plaintiff and her family were occupying the premises as a homestead, and that the plaintiff did not join in the assignment,—in fact, it was made without her knowledge. Section 4 of chapter 36, Compiled Statutes, provides that "the homestead of a married person can not be conveyed or incumbered unless the instrument by which it is conveyed or incumbered is executed and acknowledged by both husband and wife." This statute has been construed by this court on a number of occasions, and the plain import of its provisions has been upheld. *Violet v. Rose*, 39 Nebr., 660; *Whitlock v. Gosson*, 35 Nebr., 829; *France v. Bell*, 52 Nebr., 57.

In *Giles v. Miller*, 36 Nebr., 346, 349, it is said: "The ownership need not be of an estate in fee simple, but the

Rawles v. Reichenbach.

owner of the equitable title occupying under a contract of purchase may claim the exemption of the statute."

Upon the issues presented upon the cross-petition of S. B. Rawles, it appears with reasonable certainty that on or about March 1, 1890, Rawles was indebted to Reichenbach upon two promissory notes,—one for $225.50, dated March 1, 1890, and by its terms bearing interest at 10 per cent., and one for $325, dated April 24, 1889, and by its terms bearing interest at the rate of 8 per cent. It also appears that about that time the defendant Rawles entered into an agreement to pay interest upon the indebtedness at the rate of 18 per cent., and for some time paid the interest at that rate, or included the amount in the renewal notes which were given from time to time. The court found that Rawles had paid upon the indebtedness at different times sums aggregating $753.82. While we are unable to arrive at this amount as being the amount of the payments made by Rawles, we think the finding of the court is approximately correct, and that the payments made by Rawles would satisfy the principal loan, with interest thereon at the legal rate.

We therefore recommend that the judgment of the district court be affirmed.

Hastings and Kirkpatrick, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

Affirmed.