LAURA A. GILBERT, APPELLEE, V. CATHERINE A. GARBER ET AL., APPELLANTS, IMPLEADED WITH NEBRASKA & KANSAS FARM LOAN COMPANY ET AL., APPELLEES.

FILED JUNE 18, 1903.   No. 12,912.

1. **Decree of Dismissal as to Plaintiff:** LATER DECREE IN FAVOR OF CROSS-PETITIONER.  After a final decree entirely dismissing plaintiff out of an action, a second decree in favor of a cross-petitioner was entered in the same action at the following term of court, before appeal from the first decree.  *Held*, That second decree, taken while plaintiff was entirely excluded from participation in the action, was of no validity as against plaintiff after reversal of the decree against her.

2. **Payment:** EVIDENCE.  Evidence *held* to sustain the trial court's finding, as to an alleged payment through execution of a new note and mortgage.

3. **Acknowledgment.**  Pleading and proof that acknowledgment of a mortgage upon a family homestead taken by an officer and stockholder in a loan company which was agent for the loaner, *held*, not to invalidate the acknowledgment.

4. **Witness to Mortgage.**  Similar pleading and proof *held* not to show incapacity of such an officer and stockholder to act as witness of the mortgage.

5. **Evidence.**  Evidence *held* to sustain trial court's finding that plaintiff is the owner of the note and mortgage in question.

APPEAL from the district court for Webster county: ED L. ADAMS, DISTRICT JUDGE.  *Affirmed.*

*Lorenzo W. Billingsley, Robert J. Greene* and *Richard H. Hagelin,* for appellants.

*Bernard S. McNeny* and *A. H. Kidd, contra.*

HASTINGS, C.

This case comes here upon a second appeal. The present appellee brought it here before, and a finding that her mortgage had been paid was reversed, because not sustained by sufficient evidence. The case then went back, on mandate, for further proceedings in the district court. There, the defendants, Catherine A. Garber and Joseph Garber, filed a supplemental answer. Their original answer in the case had alleged, that the mortgage, which was payable to James H. Tallman, a member of the firm of G. W. Moore & Company, of Hartford, Connecticut, was for money advanced by that firm; that the Nebraska & Kansas Farm Loan Company was the regular agent of that firm, and loaned for it a large amount of money, upon numerous mortgages, in the vicinity of Red Cloud, Nebraska. It alleged a payment to the Nebraska & Kansas Farm Loan Company; set up what purported to be the facts as to the relation between the holder of the mortgage and the loan company, and that the mortgage was wholly paid and discharged.

The new answer set out that, after the filing of plaintiff's original petition, defendant Slocum filed an answer and cross-petition; that, subsequently, defendants answered to it; that June 18, 1896, plaintiff filed reply and an answer to Slocum's cross-petition; that trial was had January 14, 1898, upon plaintiff's petition, the answers and defaults of defendants, and the evidence. Judgment of dismissal, and for costs, was entered in favor of defendants and against plaintiff; that the term of court adjourned next day; that bill of exceptions was not settled within the time allowed by law and that, on May 10, following, trial was had upon the cross-petition of the defendant, Slocum, the answer and reply of plaintiff, the answer of the defendants, Garber, and the defaults of the other parties; that the issues were found in favor of Slocum, and against plaintiff and the other defendants, and a decree entered.

This decree is set out in the answer, and recites that plaintiff did not appear; it finds that the other defendants had entered their appearance to Slocum's cross-petition, but failed to answer or demur; it finds that the mortgage was executed to Slocum by the defendants, Garber, and was a first lien; finds the amount due on it, decrees a sale and a complete foreclosure against all the defendants, unless payment should be made within twenty days.

The supplemental answer alleges, that the defendants, Garber, paid this decree, relying upon this finding that it was a first lien upon the land; the supplemental answer also alleges the agency of the loan company for G. W. Moore & Company and for the plaintiff; alleges payment made to the loan company and a discharge of plaintiff's mortgage thereby; also, alleges payment to Tallman by this means; that no assignment had ever been filed of record and that Tallman was the ostensible owner; the supplemental answer also alleges that the acknowledgment of the mortgage was taken by and before J. A. Tulleys, notary public; that he was secretary of, and beneficially interested in, the loan company, and was defendant's agent, and, also agent for Tallman, the mortgagee, and of G. W. Moore & Company, and was in the employ of Tallman, G. W. Moore & Company and the Nebraska & Kansas Farm Loan Company, and was never employed as notary by defendants; that his compensation depended upon his procuring the execution of the mortgage, and he had no right or authority to take the acknowledgment of it. The supplemental answer also alleges that there was no competent witness to the mortgage; that Shirey, the witness, was interested, in substantially the same manner as Tulleys, in the mortgage, being a stockholder and officer, or related to officers of the loan company and that the premises were the family homestead of the defendants, Garber. There was also an allegation that plaintiff was not the real party in interest, as well as a denial of her ownership.

It will thus be seen that the defenses relied upon to this mortgage, are:

(1.) *Res adjudicata,* by reason of the decree in favor of Slocum, which was not appealed from, rendered in May, 1898, after the former judgment against the plaintiff dismissing her out of the action.

(2.) The payment claimed to have been made to the Nebraska & Kansas Farm Loan Company, as to which the evidence was, in the former hearing, held insufficient.

(3.) That the premises are a homestead and the mortgage was never lawfully acknowledged.

(4.) That while the premises are a homestead the mortgage was not witnessed by any one competent to serve in that capacity.

(5.) That plaintiff is not the real party in interest.

These defenses it would be as well to take up *seriatim.* So far as the first is concerned, the arguments advanced in support of it cover 16 pages of the brief, and they rest on the proposition that the proceedings in favor of Slocum, by which the decree of May 10 was obtained, were in plaintiff's constructive presence, and are an adjudication against her. A suggestion is made, also, that they were in the nature of proceedings *in rem* and binding against the world. The latter position hardly seems tenable. At all events the doctrine has not yet been established, that proceedings in foreclosure of a mortgage are proceedings *in rem,* in such a sense as to be binding upon one not directly a party to the action. *Cram v. Cotrell,* 48 Neb. 646.

The real question, as to this branch of the case, seems to be, simply: Was the plaintiff a party to these proceedings of May 10, and, if so, is she concluded by them? It seems clear that such is not the case. By a final decree of January 1, 1898, the plaintiff had been dismissed out of the action. All of these defendants were parties to that decree and its finding, that her mortgage was paid. It ordered that mortgage to be canceled of record, and taxed costs against her. The decree of May 10 recites that she did not appear. It is clear that the court, which had dismissed her from the action, could not legally have al-

lowed her any standing at the May hearing, without first
vacating the January decree.    This was only done later
by this court, on appeal.    So long as that decree stood, she
was not bound by what, thereafter, might be done by the
other parties in that same action.    She was no longer a
party to it.    It is impossible to see how she is any more
bound by subsequent proceedings, after the entry of final
decree against her, and before its reversal, than if she
had never been a party    It does not seem necessary or de-
sirable to discuss the numerous cases cited by defendants
for the proposition, that a prior judgment between the
same parties, involving the same point, is necessarily con-
clusive.    They are none of them, so far as counsel indicate,
or our own examination shows, cases involving a decree
between other parties, after the plaintiff had been dis-
missed out of the action.    The decree taken when plaintiff
was not present, and could not legally be heard to object,
can not be held conclusive upon her.

The defense that the mortgage was acknowledged before
J. A. Tulleys, that the latter was secretary of the loan
company, and defendant's agent, as well as agent for Tall-
man and G. W. Moore & Company, and that his compensa-
tion depended upon the taking of the acknowledgment, and
that he was not employed by the defendant and his certifi-
cate of acknowledgment is void, and the property a home-
stead, does not seem to be sufficient, in view of the fact
that this mortgage, originally, was in favor of James H.
Tallman.    The latter is claimed to have been a member of
the firm of G. W. Moore & Company, and of this firm the
Nebraska & Kansas Farm Loan Company is alleged to
have been the agent.    It is conceded by the appellee that a
mortgage upon a homestead is void unless acknowledged.
*Rawles v. Reichenbach,* 65 Neb. 29; *Hedbloom v. Pierson,*
2 Neb. (Unof.) 799.    It is also settled by the decisions of
this court, that a conveyance to a corporation can not be
acknowledged before a stockholder in such corporation.
*Wilson v. Griess,* 64 Neb. 792.    In the present instance, no
interest on the part of Tulleys, or of the loan company of

which he was secretary, in the mortgage, is claimed, except to the extent that they were agents in the negotiations for the loan and, presumably, derived a profit from the transaction. That they had any interest in upholding the conveyance after it was made, or any beneficial interest in the consideration for it, does not appear. It seems clear that any officer acknowledging an instrument must be interested in the transaction, at least, to the extent of his fees. If the validity of his acknowledgment is to be destroyed by that fact, we should have to search for a notary who would incur all the responsibilities of that important office from pure disinterestedness. Neither the allegations nor the proof, in this instance, seem to us sufficient to justify a holding of the acknowledgment void.

The objection that the witness to the mortgage, Shirey, was a brother of the loan company's treasurer, and was an agent, employed by Tallman and by G. W. Moore & Company, does not seem any better taken. As before stated, it does not appear that he had any beneficial interest in the consideration for the mortgage, or in its upholding after it was once executed. No direct profit to himself, from sustaining the instrument when once made, is disclosed.

The evidence as to the fourth defense, of payment, is not claimed to be essentially different from that which was held insufficient at the former hearing. The parties seem to have trusted the Nebraska & Kansas Farm Loan Company to the extent of executing a new note and mortgage, ostensibly, in renewal of the one held by plaintiff. The loan company seems to have negotiated the second note and mortgage without having taken up the first. The evidence of authority on their part, to act in any such manner on behalf of the plaintiff, seems to us entirely insufficient, on this hearing, as it did to the court, in the former one.

It is urged, however, that the answer does not claim payment, but an arrangement to substitute securities made by the loan company, and that the plaintiff is a mere dummy for G. W. Moore & Company, and that the latter is

estopped from denying the authority of the loan company to make the arrangement. The evidence seems to warrant the trial court in finding against this contention.

It is urged that the former decision of this court, and the present decree of the district court, were both made under a wrong impression as to the negotiability of the note in question; that the late case of *Garnett v. Meyers,* 65 Neb. 287, is a holding, that an agreement in a mortgage to pay taxes, renders it and the note secured by it non-negotiable. We do not understand that the holding of *Garnett v. Meyers* goes to that extent. The taxes agreed to be paid in this mortgage, are only the taxes upon the the premises mortgaged, and a duty to pay them rested upon the mortgagor, independent of the agreement in the mortgage, and it is not thought that the character of the obligation is changed by the incorporation of such an agreement, or the one that the mortgagee might himself pay such taxes and should be reimbursed. This was a right which he possessed, independent of any agreement to that effect. A stipulation which did not suffice to alter the legal effect of the instrument, as between the parties, can hardly be held to suffice to render it non-negotiable. *Bradbury v. Kinney,* 63 Neb. 754.

The fifth defense, that plaintiff is not the real party in interest, hardly seems to require further consideration. There is testimony in the record, if believed by the court, amply establishing that plaintiff was the owner of the note, for value, before maturity. There is no direct contradiction of this, and the circumstances related by the defendant, Garber, are by no means conclusive. There seems no reason to disturb the finding of the trial court on this question.

It is recommended that the decree of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the decree of the district court is

AFFIRMED.