# Staunton.

## SCOTT v. THOMAS & OTHERS.

### September 14, 1905.

1. EVIDENCE—*Consideration of Deed—Varying Written Instrument.*—Although a deed of trust to secure a note for $2,200 recites the consideration as the satisfaction of certain liens, and the payment of certain specific debts, the true consideration of the deed may be shown by parol, and the deed, in the absence of any fraudulent intent on the part of the parties thereto, will be held as a valid security therefor. Such evidence does not tend to vary or contradict the deed.

2. NOTARY PUBLIC—*Agent or Servant of Grantee—Competency.*—The fact that the notary who takes the acknowledgment of the grantors in a deed is the clerk, agent, and employee of the trustee in the deed, and receives a salary for his services as such, does not affect his competency to take such acknowledgment and receive compensation therefor.

3. EQUITY—*Bill by Judgment Creditor Assailing Deed for Fraud—Failure of Proof—Retaining Cause.*—Upon a bill filed by a judgment creditor seeking to set aside as fraudulent a deed of trust given by the judgment debtor on his real estate, and to subject the land to the lien of his judgment, where there is a failure to establish the fraud charged, the bill should not be dismissed, but (the trust debt being due at the hearing) should be retained on the docket, and the creditor permitted to have the land sold, and to subject the excess, if any, over the deed of trust debt to the payment of his judgment. It is immaterial that the trust debt was not due at the time the creditor filed his bill.

4. EQUITY—*Bill by Judgment Creditor—Fraudulent Deed—Complete Relief.*— A judgment creditor already properly before the court to have set aside as fraudulent a deed made by the judgment debtor, will not be turned out of court and sent to another suit to prove his debt, upon failure to establish the fraud charged, but will be given complete relief in the suit brought by him.

Appeal from a decree in chancery of the Circuit Court of Floyd county. Decree in favor of defendants. Complainant appeals.

*Reversed in part.*

The opinion states the case.

*Robert E. Scott,* and *G. M. Agnew,* for the appellant.

*Archer A. Phlegar, Tompkins & Tompkins, M. S. Howard,* and *V. M. Sowder,* for the appellees.

KEITH, P., delivered the opinion of the court.

. On the 26th day of October, 1901, Thomas and wife, conveyed certain land by deed to Brame, trustee. The deed, omitting the description of the property conveyed, is in the following words:

"This deed, made and entered into this the 26th day of October, 1901, between I. O. D. Thomas, and Mary C. Thomas, his wife, of the first part, and S. R. Brame, trustee, of the second part.

"Witnesseth: (That for and in consideration of the Peoples Bank of Floyd, satisfying the lien debts against the said I. O. D. Thomas and the debts in the Peoples Bank now due and protested against the said I. O. D. Thomas,) the parties of the first part grant, sell and convey unto the said S. R. Brame, trustee, his real estate lying in the county of Floyd. . . . This deed is made in trust to secure the payment of one negotiable note for the sum of twenty-two hundred dollars ($2,200), payable to the Peoples Bank of Floyd county, said note dated on the 26th day of October, 1901, and payable at Peoples Bank of Floyd county, four months after date of said note, said note made by the said I. O. D. Thomas. And this deed is given to secure each renewal of said note or part thereof that may be made by the said Thomas and accepted by the said bank."

This deed was, on the 28th day of October, 1901, at ten

minutes past ten o'clock, A. M., duly admitted to record in the clerk's office of the County Court of Floyd county. On the same day, at twenty minutes past twelve o'clock, P. M., Thomas confessed a judgment in favor of W. Scott for the sum of $734.93. On the 28th day of October, 1901, "in consideration of the sum of $475," paid by S. R. Brame on the debts of Thomas, Thomas sold to Brame certain personal property, horses, cattle, sheep, and a wagon, the bill of sale for which was recorded on the same day in the clerk's office of Floyd county. It appears also that an execution, dated the 28th day of October, 1901, upon the judgment confessed by Thomas to Scott, was levied on the 29th day of October upon the property sold by Thomas to Brame, the bill of sale for which has just been adverted to. The levy of this execution was released by order of the plaintiff on November 14, 1901.

On November 15, 1901, Scott instituted a suit in equity against Thomas, Brame, as trustee, and in his own right, and the Peoples Bank of Floyd. In his bill he insists that the deed of trust from Thomas to Brame was made with intent to defraud his creditors, and that it undertook to secure a greater amount than was justly due by Thomas, and prays that it may be declared a lien only for the amount actually advanced by the People's Bank of Floyd to pay the lien debts of Thomas and such other debts due to the People's Bank as were due and protested at the date of the deed of trust, and that the bank be compelled to apply the proceeds of the two notes given to Thomas by Ira M. Compton and in the possession of the bank, amounting to $265, to the lien debts which it holds against Thomas. The bill further sets out the sale of the personal property by Thomas to Brame, avers that at the institution of this suit no part of the consideration had been paid, and claims that the whole of it should be applied to the satisfaction of Scott's judgment against Thomas.

. By an amended bill it is charged that the deed of trust from Thomas to Brame was acknowledge before R. B. Morgan who was at the time the "clerk, agent, and employee of said S. R.

Brame, trustee, was sent by said Brame, the grantee in said deed, with the same to said Thomas and his wife to procure their acknowledgements to the same, and for the services so rendered in addition to the regular salary paid by said Brame to said Morgan, said Morgan was agreed to be paid and was paid by the said Brame $1.50 out of the money to be raised under said deed." These facts the plaintiff claims rendered Morgan incompetent to take the acknowledgements of Thomas and wife to the deed, and furnished no authority for the clerk to admit the same to record, and that its recordation is therefore of no effect.

The bank in its answer denies the fraud imputed to it, avers that it furnished valuable consideration for the full amount of the note of $2,200 secured by said trust deed, except the sum of $96.99 which is credited upon said note as of March 15, 1902, and further avers that the two notes executed by Compton to Thomas were purchased and fully paid for by it in May, 1901.

The answer of Thomas is substantially the same as that of the bank with reference to the note for $2,200 and the Ira Compton notes. With reference to the personal property sold to Brame he avers that no part of the consideration of $475. was ever paid to him, but that it was paid by Brame upon the respondent's debts.

Brame's answer is to the same effect.

Evidence was taken upon the issues thus made, and when the case was heard before the Circuit Court a decree was entered dismissing the bill, and W. Scott obtained an appeal to this court.

His contention is, first, that the Circuit Court erred in not holding the deed of trust to be fraudulent and void.

Without undertaking to review the evidence, we content ourselves with saying that the proof is insufficient to establish fraud. It, on the contrary, disproves any fraudulent intent upon the part of either the grantor, the grantee, or the beneficiary, and establishes the *bona fides* of the transaction.

The second error assigned is that, in the event the deed is held not to the fraudulent, the decree of the Circuit Court is erroneous in not holding it to be a security only for the lien debts and the protested notes.

We think that the deed of trust is to be read as a whole. It is true that it purports to have been made in consideration of the Peoples Bank of Floyd satisfying the lien debts against Thomas and the debts in the Peoples Bank at that time due and protested against him; but the deed further declares that it was made in trust to secure the payment of a negotiable note for the sum of $2,200, payable to the Peoples Bank of Floyd county, and the proof shows that the bank furnished a valuable consideration for the whole of this note, except the sum of $96.99 which is credited upon it as of March 15, 1902. The proof does not tend to vary or contradict the deed. The usual form employed in deeds of trust is that the grantor, in consideration of a nominal sum, conveys property to the trustee to secure certain debts. If, instead of reciting that the deed was made in consideration of satisfying the lien debts and the protested notes, Thomas had conveyed to Brame in consideration of one dollar in hand paid, in trust to secure a note of $2,200, it would have been a valid instrument; the real question being, upon the issue of fraud charged in the bill, whether there was a purpose in the execution of the instrument to hinder and delay the creditors of the grantor, or whether the amount secured was in good faith appropriated to the satisfaction of the grantor's creditors.

In *Lucas* v. *Claflin,* 76 Va. 269, this court held that to avoid a deed for fraud there must be a real design on the part of the debtor to prevent the application of his property in whole or in part to the satisfaction of his debts.

In this case there does not appear to have been any diversion of the debtor's property from his creditors, but the whole of it has been appropriated to the discharge of his debts. The proof also fails to make out the case stated in the bill with respect to the Compton note or notes.

The decree of the Circuit Court is right with respect to the personal property purchased by Brame. The transaction is on its face a fair one. Brame purchased certain property from Thomas for the sum of $475, to be paid to the creditors of his vendor. The proof shows that this obligation has been performed, and the appellant has failed to establish any fraud or bad faith with respect to the transaction.

We are further of opinion that the facts set out in the amended bill with reference to R. B. Morgan, the notary before whom the deed of trust was acknowledged are insufficient to affect his competency to take the acknowledgment of the deed.

The decree appealed from should not have dismissed the bill. The appellant had a lien by judgment. He sought to get rid of the deed of trust, either in whole or in part, upon his allegation of fraud. In that he has failed; but he was entitled to have the land sold and the proceeds applied first to the satisfaction of the deed of trust, and whatever might remain applied upon his judgment.

In answer to this contention appellees say, first, that at the time the bill was filed the debt secured by the deed was not due, which is true; but it was due when the decree dismissing the bill was entered. Appellees also claim that appellant could have gone into the chancery suits of *Howard's admr.* v. *Thomas,* and *Profit* v. *Thomas* and proved his judgment. To this we reply that he was already properly in court, and there was no reason for turning him out in order that he might assert his claim in another suit; and, in the second place, that there is no proof in the record of the pendency of any other suit to which he could have made himself a party. There is an exhibit in the record before us from which it appears that the chancery causes mentioned were "lately pending in the Circuit Court of Floyd county," which so far from showing that they were still upon the docket of the court in Floyd county rather indicates that they had been stricken from it.

We are of opinion that the Circuit Court erred in dismissing the bill, and for this reason its decree must be reversed, and in all other respects affirmed.

*Reversed in part.*