# CHARLESTON.

GILLMOR *v.* RINEHART *et als.*

Submitted March 3, 1914.   Decided March 31, 1914.

1. JUDICIAL SALES—*Setting Aside—Inadequate Price.*
   An uncomfirmed judicial sale, appearing by the tender of a properly secured upset bid to be at an inadequate price, should ordinarily be set aside and a resale ordered. (p. 780).

2. SAME—*Objection to Confirmation—Party to Action.*
   An objection to confirmation of a judicial sale and the seeking of a resale by the tender of an upset bid and bond in the individual name of one who is an attorney of record in the cause will be assumed to be on behalf of the party to the cause whom he represents. p. 780).

3. SAME—*Objection to Confirmation—Release.*
   The absence of mere formal exceptions to the report of a judicial sale will not alone justify the denial of a plainly made and well fortified motion for resale. (p. 781).

(LYNCH, JUDGE, absent.)

Appeal from Circuit Court, Lewis County.

Bill by George Gillmor against Lloyd Rinehart and others.

Decree for plaintiff, and defendants Joseph A. Newlon and others appeal.

*Reversed and Remanded.*

*Edward A. Brannon,* for appellants.

*Robt. L. Bland,* for appellee.

ROBINSON, JUDGE:

We have here an appeal from a decree in a suit for partition, confirming a sale of property which admittedly was unsusceptible of partition in kind. By an upset bid, tendered before confirmation, a large advance, more than sixty percent, was offered and secured by bond. The court refused to recognize the upset bid and to order a resale of the property. In this it erred.

Not a fact or circumstance disclosed by the record warranted a confirmation of the sale in the face of the large advanced offer fully secured. That offer itself was plain proof of the gross inadequacy of the price at which the purchaser—one of the partitioners—had bought. It was clear and uncontroverted ground for ordering a resale. No considerations to the contrary appeared. The court was in duty bound to exercise a sound discretion in the interest of all parties concerned. Its discretion in the premises could only be exercised soundly by ordering a resale and thus bringing to the parties in interest larger return for their property. There are of course cases in which considerations adverse to the acceptance of an upset bid may outweigh the ordering of a resale. But in this case the only consideration was strongly and plainly the other way. An unconfirmed judicial sale, appearing by the tender of a properly secured upset bid to be at a greatly inadequate price, should ordinarily be set aside and a resale ordered. It should certainly be set aside and a resale ordered when there are no considerations to the contrary. Hogg's Equity Principles, sec. 294; Hogg's Equity Procedure, secs. 682 and 683.

The objections to an acceptance of the upset bid, recited in the decree, are that it was tendered by one not a party to the cause, and that no exceptions to the report of sale were filed. Whether a resale asked for by a stranger to the cause

must be refused because no party to the cause or in interest therein objects to the sale already made, we are not called upon to decide. For, in this case the record does not warrant the assumption that a resale was sought only by one not a party. It may be that the learned chancellor was unwittingly lead into error on this line. True, the bond was tendered by W. H. Fisher, principal therein, and he was not a direct party to the cause. But a former decree shows him to be an attorney of record. He represented a party to the cause, now complaining of the decree refusing a resale. In view of his connection with the cause as an attorney for one of the parties in interest, it could not rightly be assumed that he tendered the bond and thereby sought a resale as a stranger merely on his own behalf. Consistent with his relation, it must be assumed that he tendered on behalf of his client the advanced bid and the bond securing the same.

True also, no formal exceptions were filed to the report of the sale. But the tender of the upset bid proposed a resale of the property. That tender was plainly a motion for resale on behalf of the party represented by Fisher. The bid and bond could have been tendered for no other purpose than to move a resale. Is not a motion for resale, accompanied by a secured advanced offer showing the sale to have been made at a grossly inadequate price, itself an objection to the sale? The decree shows that a resale was sought. It shows that confirmation of the sale was resisted. Surely the absence of mere formal exceptions to the report of sale will not alone justify the denial of a plainly made and well fortified motion for resale. It is no doubt good practice for one to except formally to the report of sale where he seeks a resale. Hogg's Equity Procedure, sec. 684. But if he plainly brings before the court his objections to the sale by motion or petition, that in reason must suffice for the court to notice the point and to pass on it.

An order will be entered reversing the decree of confirmation and remanding the cause with direction that the upset bid and bond be received and a decree of resale entered thereon.

*Reversed and Remanded.*