## CHARLESTON.

STATE *v.* MURPHY *et al.*

(No. 6560)

Submitted April 22, 1930. Decided April 29, 1930.

*Dillon, Mahan & Holt,* for appellee Legg.
*J. E. Chilton* and *Claude L. Smith,* for appellant.

Woods, Judge:

The commissioner of school lands of Fayette county, in a proceeding under the statute, made sale of certain tracts of lands forfeited for nonpayment of taxes in that county. The question arising on this appeal is whether upset bids may be filed and entertained by the court in suits of this character.

The first proposition of the appellant is that there is no provision made in the law for an upset bid in a sale of land made by a school commissioner. The statute (chapter 105, section 7, Code) provides that such sales "shall be subject to the same rules of chancery practice as other suits in chancery in the state courts of this state, except as herein otherwise provided." There is no provision concerning the filing of upset bids contained in the law, so we may conclude that the same rule would obtain as in ordinary chancery proceedings. Many of the states discountenance the filing of upset bids at judicial sales, but the rule is different in the Virginias. Here the rule is that, where the sale is yet before the court and unconfirmed, if it appears from a tender of a properly secured upset bid to be at an inadequate price, it may be set aside and resale ordered. 35 C. J. 106. The sale is not an absolute one until it is confirmed by the court. It may be set aside, where the facts and circumstances before the court clearly show that such sale was made at a greatly inadequate price. *Kable* v. *Mitchell*, 9 W. Va. 492. We have held that the tender of an upset bid in a materially larger amount is of itself sufficient proof that the original price was inadequate. *Gillmor* v. *Rinehart*, 73 W. Va. 779, 81 S. E. 549. Mere advance of price, where there has been no confirmation, is sufficient to open biddings. Sugden on Vendors, p. 66. Let us gauge the actions of the lower court in the case under consideration by the foregoing rules. The school commissioner, upon returning his report to the court for confirmation, asked for the sanction of the court upon all the sales made by him, except the two tracts here in dispute. He recited as to them that a slightly increased price had been offered by Legg, appellee, for each of said tracts over the price he had sold them for at the sale to Dr. Harshbarger, appellant, and asked the judgment of

the court thereon. The court confirmed the sales of all other lots except the last-mentioned two tracts and as to them continued the hearing thereof until a future day of the court. Some time thereafter the cause came up on the upset bids, and the court upon a hearing held that said upset bids were substantially an increase over the original bids of $78 and $19, respectively, of Dr. Harshbarger at the sale of the two parcels of land, and confirmed the sales thereof to Legg, at his bids of $100 and $50, respectively. The court below has discretionary power to set aside a sale and order a resale of the property. Whether it will confirm or resell depends in a great measure on the circumstances in each case. *Eakin* v. *Eakin,* 83 W. Va. 520, 98 S. E. 608. It has acted, so far as setting aside the sale is concerned, and giving to its decision the weight we have held that it is entitled to, we cannot say that the discretion lodged in it has been abused.

But there is no evidence in the record of a resale of the property. The appellant says in his brief that there was a resale of the property at the bar of the court. The appellee says there was no resale. Had such sale appeared to have been made, we would not have interfered. It is a common practice to sell the property in such manner. But the appellant is here relying on this failure to resell as error. Complaint was also made that the original purchaser was not present in court at the time of the direction of this decree. By being such purchaser, he became a quasi party and is bound by all the decrees subsequently made by the court affecting his rights as such purchaser. *Anthony* v. *Kasey,* 83 Va. 338, 5 S. E. 176, 5 Am. St. Rep. 277 ; *Clarkson* v. *Read,* 15 Grat. (Va.) 288. However, the decree complained of here shows that Harshbarger was present and objected to its entry. But, since there was no resale made, either by readvertisement or at the bar of the court, the decree must be reversed, and the cause returned to the circuit court for a resale of the property, in such manner as to it may seem proper.

*Reversed.*