Paul DOUGHERTY, Plaintiff-Appellant,

v.

Thomas McKEEVER et al., Defendants,

and

Bayshore Sanitation Company, Respondent.

No. 34661.

Missouri Court of Appeals,
St. Louis District,
Division No. 2.

Oct. 23, 1973.

Motion for Rehearing or Transfer Denied
Nov. 13, 1973.

Application to Transfer Denied
Jan. 14, 1974.

Dearing, Richeson, Roberts & Wegmann, Nicholas G. Gasaway, Hillsboro, for plaintiff-appellant.

Thurman, Nixon, Smith & Howald, Hillsboro, for defendants-respondents.

DONALD E. DALTON, Special Judge.

This case is an appeal from an order of the trial court overruling a Motion to Set Aside a Sheriff's Sale in Partition. The original partition suit. The purchase price plaintiff and defendant some fourteen individuals as co-owners of the property in question. The purchaser at the partition sale, defendant-respondent Bayshore Sanitation Company, was not a party to the original partition suit. The purchae price was $5,000.00. The motion to set aside the sale was based originally upon two grounds: (1) That there was only one bid at the sale and (2) that the sale price was grossly inadequate. At trial plaintiff was granted leave to amend to add a paragraph "in this respect, to show the additional circumstances of a possible misunderstanding between Mr. Dougherty (plaintiff) and myself (plaintiff's attorney)".

The evidence revealed that the sale was proper in all respects including advertisement and was attended by plaintiff's attorney who also had sent specific notice of sale to all parties plaintiff and defendant.

Review in this case, tried without a jury, is as to both law and evidence, as in suits of an equitable nature, giving due regard to the trial court's opportunity to judge the credibility of the witnesses. A motion to set aside a judicial sale is addressed to the sound discretion of the trial court. The decisions of the trial court will not be set aside unless clearly erroneous.

As to inadequacy of price, the plaintiff presented the testimony of Mr. Phil P. Rush, a real estate broker, who, over objection, testified to a "market value" of $20,000.00, but further testified that he was not familiar with any judicial sales in Jefferson County and that he had no knowledge of the valuation of property when sold at a judicial sale. He had never observed a judicial sale in Jefferson County. Mr. Louis Henry Dennis, also a real estate broker, testified on behalf of plaintiff. He gave the opinion of "fair market value" at $20,000.00, again over objection of defendant. When asked a hypothetical question as to fair market value that the property should have brought at the sheriff's sale, he answered that it should have sold for $15,000.00 to $20,000.00. As to prior knowledge or experience in judicial sales, he referred to one sale some four years earlier of a house sold separate from the land on which it was located. He did not know what the sale price was. He testified that as between a sale handled and advertised by a real estate agent and a judicial sale for cash, as in the present instance, the price at the judicial sale on most occasions would be less. He indicated that he had a contract to sell the property in question for $15,000.00, which was subject to a 10% real estate commission, or a net sale price of $13,500.00.

Plaintiff cites no decision holding that inadequacy of price alone is sufficient ground for setting aside a judicial sale, the case of Boxwell v. Boxwell, Mo.App., 444 S.W.2d 510 is cited by plaintiff. The Boxwell case is a divorce partition suit in which, in addition to inadequacy of consideration, a finding is made that the cause of such inadequacy was statements of the husband that "kept . . . (the prospective bidder) away from the sale" and "de-

pressed competitive bidding." Thus a finding was made of an improper chilling of the sale and the purchase was made by the husband as the only bidder.

At 50 C.J.S. Judicial Sales § 59 p. 677, it is stated, "Although it is largely within the sound discretion of the court to grant or deny an application to vacate a judicial sale because the price was inadequate, where the interested parties are under no disability, the court will refuse to set aside a sale on the mere ground of inadequacy of price."

Plaintiff alleges inadequacy of price but testified that he himself had spoken to his attorney about bidding a "base price" of $8,000.00. The property sold for $5,000.00. His attorney was present at the sale but did not bid. Plaintiff's attorney testified that he had by letter requested plaintiff to give him written authorization to bid the $8,000.00 but he had received no such authorization. He says the figure of $8,000.00 was discussed with plaintiff but felt it necessary to have written authorization to bid at the sale. Plaintiff offered no further evidence on this issue but stated, "I think probably there was a question of communication more than anything else."

■ Other evidence of plaintiff as to value previously mentioned, does not convincingly show a shocking inadequacy of price. The additional factors of one bidder and, at most a mere communication problem are not the type requiring the setting aside of the sale. City of St. Louis v. Peck, Mo.App., 319 S.W.2d 678.

This sale was proper in all respects and no bad faith is charged against the respondent-purchaser at the partition sale. Certainly the purchaser should not, and is not, charged with the problem in communication which may or may not have existed between plaintiff and his counsel.

Under these circumstances the findings of the trial court were not clearly erroneous in the exercise of its sound discretion. Accordingly, the decision of the trial court in overruling the motion to set aside sheriff's sale in partition is affirmed.

SMITH, P. J., and SIMEONE, J., concur.