BENTLEY RIFE

*v.*

ROBERTA WOOLFOLK

*and*

ROBERTA WOOLFOLK

*v.*

BENTLEY RIFE

(No. 15134)

Decided March 22, 1982.

*John C. Purbaugh* for appellant.

*Baer, Napier & Colburn, James Allan Colburn, Helen M. Morris,* for appellee.

PER CURIAM:

This action challenges a final judgment of the Circuit Court of Cabell County which voided a trustee's deed issued to Roberta Woolfolk. Woolfolk contends that the circuit court's judgment setting aside the sale was without basis in law or fact, and that it was barred by either collateral estoppel or the doctrine of *res judicata*. We disagree with both claims, and affirm.

The property which is the subject of this appeal is security for a deed of trust between Roberta Woolfolk, the

trust creditor, and Bentley Rife, the mortgagor. At some point in 1979, Rife became delinquent on his payments to Woolfolk. In February of 1980, notice of the right to cure the default in payments was mailed to Rife, setting March 28, 1980, as the sale date. On March 28, Rife filed an injunction action seeking to enjoin the sale of the property. He alleged the absence of adequate personal notice of the sale, and asserted his right of equitable redemption. A temporary injunction was granted on March 28, prohibiting the sale of the property for thirty days, and the matter was continued until April 18. On April 18 the sale was again continued, to allow Rife an opportunity to obtain financing. The injunction prohibiting the sale of the property was continued in effect until May 2, 1980.

On May 2, the property was sold by the trustees for $8,000, that being the remaining amount of the indebtedness, plus interest, to an agent of Roberta Woolfolk. The sale was attended by Rife and his attorney.

The only evidence of the value of the property presented to the circuit court was the estimate of an appraiser for the Huntington Federal Savings and Loan, who estimated the value to be $62,000.

Rife filed a motion in the circuit court seeking to set aside the foreclosure sale, and, on May 23, a hearing was held on this motion. No evidence was presented; only argument of counsel was heard. Rife asked that the sale be set aside due to inadequate notice and for the inadequacy of the purchase price. From the record it appears that the motion being considered was made in the context of a petition requesting, as its sole prayer for relief, that the sale be stayed for a certain period of time. The trial judge denied the motion to set aside the sale.

On July 1, Rife filed a complaint requesting, *inter alia*, that the trustees' deed issued pursuant to the sale be declared void, and that he be allowed to exercise his right of equitable redemption and reclaim the property. As grounds for voiding the deed, Rife alleged, as in his

motion, that notice of the sale was inadequate and that the purchase price was inadequate. The hearing held July 21, 1980, on this complaint included the taking of documentary evidence and testimony.

Pursuant to the July 21 hearing, the circuit court entered an order on July 28, 1980, voiding the trustees' deed and permitting equitable redemption by Rife. The reasons for this ruling were not set forth extensively in the order, which merely recounted Rife's "good faith effort" to obtain the required money before May 2, 1980, and ordered Rife to pay Woolfolk $12,000 as full and final satisfaction of the debt owed, including interest, court costs, and attorney fees.

Woolfolk's position on appeal is that the judgment of the circuit court made pursuant to the July 21 hearing was barred by *res judicata*, or that Rife was collaterally estopped from asserting certain issues, by the order overruling his earlier motion to set aside the foreclosure sale. Woolfolk also complains that there was no basis for the circuit court's judgment voiding her trustee's deed, and she specifically claims that a purchase price of one-seventh of the undisputed value of the property is not so low as to require the sale to be set aside. We shall address these two contentions in order.

In Syllabus point 6 of *Johnson v. Huntington Moving and Storing, Inc.* 160 W.Va. 796, 239 S.E.2d 128 (1977), we stated that: "Before the principle of *res judicata* can be involved, there must have been an adjudication on the merits of case."

Additionally, collateral estoppel applies only to issues actually litigated, and finally adjudicated: "When the causes of action are different, the former decision is conclusive only as to questions, rights and facts actually decided therein, and nothing more." Syllabus point 2, *Hudson v. Iguano Land & Mining Co.*, 71 W.Va. 402, 76 S.E. 797 (1912).

Under the circumstances of this case it is clear that the order entered pursuant to the May 23 hearing on Rife's

motion to set aside the sale was not an adjudication upon the merits of the issues raised in the motion.

Since the order of the circuit court overruling Rife's motion was not an adjudication on the merits, it becomes irrelevant whether the grounds presented in that motion were the same as those presented in Rife's subsequently filed complaint. The order entered by the trial judge pursuant to the hearing on July 21, at which considerable testimony was heard, and where documentary evidence was received, was the first adjudication on the merits of Rife's challenge to the foreclosure, and it was not barred by either *res judicata* or by collateral estoppel.

Turning to Woolfolk's claim that the price which she paid for the property was adequate, we note that the price was $8,800, approximately one-seventh of the undisputed value of the property, which was $62,000. The rule as to the adequacy of purchase price at a trustee's sale was set forth in Syllabus point 9 of *Pence v. Jamison*, 80 W.Va. 761, 94 S.E. 383 (1917):

> "A sale of real estate by a trustee will not be set aside upon the ground of inadequacy of price unless such inadequacy is so great as to shock the conscience of the chancellor. Such a sale will not be disturbed where the price realized is approximately three-fourths of the estimated value of the property."

There need be no showing of fraud, or any impropriety in the conduct of the sale, to set aside a sale where the price paid is so inadequate that it shocks the conscience. We hold that, under the circumstances of this case, the inadequacy of the purchase price shocks the conscience.

Woolfolk notes that the trial court did not give any reasons for setting aside the sale in its order except Rife's good faith efforts to obtain the funds necessary to repay her. As we stated, however, in syllabus point 2 of *Environmental Products Co., Inc. v. Duncan*, ___ W.Va. ___, 285 S.E.2d 889 (1981), quoting syllabus point 3 of *Shrewsbury v. Miller*, 10 W.Va. 115 (1877), in part:

> "[I]t is not the reasons assigned upon which the [lower] court decided a question that is to be

reviewed, but the action of the court itself; and the question always in the appellate court is, whether the judgment to be reviewed is correct."

Since the purchase price was inadequate the court's order voiding the trustees deed issued pursuant to the sale, and allowing Rife the right of equitable redemption, was correct.

Accordingly, we affirm the judgment of the Circuit Court of Cabell County and remand this case to the circuit court and direct the circuit court to hear and determine what adjustments, if any, need be made in its orders of July 28 and August 1, 1980, which set an amount to be paid by Rife to Woolfolk in satisfaction of debts owed in this matter, in view of the circumstances existing at the time of remand. The trial court may adjust the award to reflect interest accrued, or payments made by Rife to Woolfolk during the pendency of this appeal.

Our disposition of Woolfolk's appeal makes consideration of Rife's cross-appeal unnecessary.

*Affirmed and remanded*
*with directions.*