298 S.E.2d 108

**James E. TUDOR**

v.

**B.H. TUDOR, et al.**

**No. 14495.**

Supreme Court of Appeals of West Virginia.

Nov. 18, 1982.

commission for review thereof." (emphasis added)

John Boettner, Jr., Boettner & Crane, Charleston, for appellant.

Boyce Griffith, Hamlin, for appellees.

## PER CURIAM:

James E. Tudor appeals from a final order of the Circuit Court of Lincoln County, confirming a sale of real property at public auction. The appellant contends that the sale price was grossly inadequate. We agree, and reverse the decision of the lower court.

The appellant owns a one-ninth (⅑) undivided interest in the surface of a 184.5 acre tract of land in Lincoln County. On February 5, 1977, the appellant filed a complaint alleging that the real estate was not subject to partition in kind and seeking a decree of sale.

The trial court agreed that the property was not partitionable in kind and ordered the tract of surface land to be sold at public auction. Pursuant to the order, a sale was held on December 9, 1977, at the front door of the Lincoln County courthouse. The highest bid was two thousand dollars ($2,000.)[1]

Appellee Miller filed a motion to confirm the sale. The appellant responded, opposing confirmation, and moved for a resale on the ground that the sale price was inadequate.

One of the Commissioners caused an independent appraisal to be made. The appraiser estimated the value of the property at $15,000. The Commissioner filed his report containing the appraisal, and, by motion, requested that the court set aside the $2,000 bid and reopen the sale for further bids on the ground that $2,000 "is grossly unfair to the plaintiff and defendants, and all other known or unknown heirs."

A hearing on the motions and the Commissioner's report was held on August 10, 1978. At the outset of the hearing the court recounted the facts, and recognized that the value stated in the appraisal was "substantially in excess" of the bid. The appellant, who was not present at the sale, testified that the bid price was inadequate. The appellant's brother Earl, a successor in interest to a defendant below, also testified that the bid was not a fair or adequate price. During his testimony Earl tendered an upset bid of $7,500, although it is not clear from the record whether this bid was firm.

At the close of the hearing, the court decided on the record to confirm the sale. The final order confirming the sale was entered April 3, 1979, and this appeal followed. In its confirmation order, the lower court found the $2,000 bid to be a fair and adequate price. However, we note that the court did express reservations at the confirmation hearing concerning the fairness and adequacy of the $2,000 bid, but was unwilling to set aside the sale absent a showing of fraud.

█ We have recently restated the rule as to adequacy of price at a trustee's sale:[2]

A sale of real estate by a trustee will not be set aside upon the ground of inadequacy of price unless such inadequacy is so great as to shock the conscience of the chancellor....

Syllabus point 3, in part, *Rife v. Woolfolk*, 169 W.Va. 660, 289 S.E.2d 220 (1982); Syl-

---

**1.** The successful bid was made by an individual who is not a party to this action.

**2.** This rule applies with equal force to a hearing on the confirmation of a judicial sale. *See, e.g.,*

*State v. Hatfield,* 136 W.Va. 342, 67 S.E.2d 529 (1951) (judicial trustee's sale), *citing Kable v. Mitchell,* 9 W.Va. 492, (1876) (trustee's sale).

labus point 9, in part, *Pence v. Jamison*, 80 W.Va. 761, 94 S.E. 383 (1917).

In *Rife*, the lower court set aside a trustee's sale. We affirmed, reasoning that where the sale price ($8,000) was approximately one-seventh (⅐) of the appraiser's estimate ($62,000), the inadequacy of the price shocked the conscience. 169 W.Va. at 664, 289 S.E.2d at 223.

■ In the case *sub judice* the bid price accepted by the circuit court shocks the conscience, and thus is grossly inadequate. The ratio of the uncontroverted estimate of the appraiser ($15,000) to the sale price ($2,000) is 7.5 to 1, roughly the same as that in *Rife v. Woolfolk, supra.* The $13,000 difference in value is also sufficiently large to demonstrate gross inadequacy. *See Kable v. Mitchell*, 9 W.Va. 492, 518 (1876).

We therefore find that the circuit court abused its discretion when it determined that the sale price of $2,000 was fair and adequate. Based on the record we have before us, it is clear that the court should not have confirmed the sale. Accordingly, we reverse the confirmation order of the Circuit Court of Lincoln County and remand this case with directions to set aside the sale and to hold a new sale.

Reversed and remanded with directions.