359 S.E.2d 113

**Jack S. KOAY**

v.

**Ellen S. KOAY.**

**No. 17306.**

Supreme Court of Appeals of West Virginia.

June 11, 1987.

Rehearing Denied July 16, 1987.

D.J. Romino, II, Fairmont, Hershel Rose, Rose, Padden & Petty, for appellant.

James T. Cooper, Lovett, Vaughan & Cooper, Charleston, for appellee.

PER CURIAM:

This is an appeal by Ellen S. Koay from an order entered by the Circuit Court of Marion County on July 2, 1986. That order overruled a motion by the appellant for the circuit court to amend or alter an order approving the partition sale of certain parcels of real estate of which the appellant was a joint owner. On appeal the appellant claims that the property involved was conveniently partitionable in kind and that the trial court should have ordered partition in kind rather than sale of the real estate. The appellant also claims that the proceeds of the partition sale were grossly inadequate, and that the trial court should have set aside the sale for that reason. We disagree, and we affirm the judgment of the Circuit Court of Marion County.

The appellant and and her former husband, Jack S. Koay, were divorced by order entered by the Circuit Court of Marion County on July 16, 1982. As a result of the divorce decree, the appellant received custody of the couple's four infant children and also obtained the exclusive use and possession of the parties' jointly owned home and an adjoining lot. In addition to the jointly owned home and adjacent lot, the appellant and her husband were co-owners of nineteen other parcels of real estate located in Marion County.

In July, 1985, Jack S. Koay petitioned the Circuit Court of Marion County to partition the twenty-one parcels of real estate jointly owned by him and the appellant. In the complaint he alleged that the real estate was incapable of being partitioned in kind, and he prayed that its value be determined and that the property be sold.

The appellant, in her answer, alleged that she could not financially protect her interest in the property and that a court-ordered sale would be devastating to her estate. She also alleged that two of the parcels of real estate, the former marital abode and the adjoining lot, had been dedicated to her exclusive use and possession by the divorce decree and that it would be improper to force the sale of those parcels.

After the filing of the answer, the court ordered the deletion of the former marital abode and the adjacent lot from the partition proceeding and further ordered the appointment of commissioners to appraise the remaining nineteen parcels and to determine whether they were susceptible to partition in kind.

After examining the nineteen parcels and appraising them, the commissioners reported:

That the subject property is not partable in kind and that no allotment can be made to either of the owners thereof for the following reasons:

There are dwelling houses on some parcels, rental and business buildings on other parcels; and the property which is unimproved simply cannot be geographically divided in a way that would be equitable to the parties.

The commissioners also appraised the real estate and found that the nineteen parcels were worth $336,900.

After receiving the commissioners' report, the circuit court by order entered March 3, 1986, confirmed the findings, and after noting the deletions of the former marital abode and adjoining lot, ordered that the nineteen remaining parcels be sold at public auction.

It does not appear from the record presently before the Court that the appellant objected to the March 3, 1986, order directing the sale of the parcels of real estate or a subsequent amended order entered on March 21, 1986, confirming the commissioners' report and directing the sale of the property. In fact, counsel for the appellant signed the amended order beneath a notation indicating that he approved of it.

A public sale was conducted on April 18, 1986. The parcels of real estate were auctioned off for a total sale price of $241,926. The appellant's former husband, Jack S. Koay, was the highest bidder on eighteen of the nineteen parcels that were sold. The remaining parcel was sold to an individual

named Kelly Tiek-Chee Goh for $7,000. After deducting the total mortgage pay-offs and the attendant costs of the sale, the total net proceeds of the sale were $107,-883.97. Of the net proceeds of the sale, the appellant was entitled to receive $52,661.99.

On June 11, 1986, a hearing was held before the court to confirm the report of the special commissioners who had conducted the sale. The appellant opposed the confirmation, contending that her former husband had not shown that the property could not be conveniently partitioned in kind, that the interests of one or more of the parties would be promoted by the sale, and that the interest of the other parties would not be prejudiced by the sale. The appellant also claimed that the value of the property was far greater than the value assigned by the partition commissioners, and that the proceeds of the sale were inadequate.

By order dated June 13, 1986, the Circuit Court of Marion County affirmed the report of the special commissioners. The appellant moved to amend the judgment and filed certain documents in support of that motion. Included among the documents was a schedule which compared the values assigned to the subject property by the partition commissioners, the values assigned to the property by her former husband in the earlier divorce action, the actual cost of the parcels of property, and the prices bid and received for the property at the partition sale. After taking the motion under advisement, the circuit court denied the motion for a rehearing and also refused to alter or amend the judgment. It is from that ruling that the appellant now appeals.

On appeal the appellant's first assertion is that the trial court erred in approving the commissioners' report recommending the sale of the land rather than partition in kind when the appellant's husband failed to demonstrate that the property could not be conveniently partitioned in kind and failed to show that the interest of the appellant would be promoted by the sale of the property.

 The basic rule indicating when real estate which is the subject of a partition proceeding should be sold rather than partitioned in kind is set forth in syllabus point 1 of *Loudin v. Cunningham*, 82 W.Va. 453, 96 S.E. 59 (1918):

> In order to justify a sale of land in a partition suit it must be shown (1) that the land is not susceptible of equitable partition, and (2) that the interests of all the cotenants will be promoted by a sale and distribution of the proceeds.

*See also, Consolidated Gas Supply Corp. v. Riley*, 161 W.Va. 782, 247 S.E.2d 712 (1978). In the *Loudin* case, the Court discussed the circumstances under which partition by sale would be justified, and the Court concluded in syllabus point 2:

> The most usual method of ascertaining whether the land is susceptible of convenient partition is by the report of commissioners, but when their report simply states that the land is not susceptible of convenient and equitable partition, and mentions no facts justifying their conclusion, it does not warrant a decree of sale.

In the case presently under consideration, the trial court referred the question of whether the property in issue was partitionable in kind to commissioners. The commissioners, after examining the question, found that the property was not partitionable in kind and assigned specific reasons for their finding, the reasons being that there were dwelling houses on some parcels, the implication being that it was not practical to divide the dwelling houses into two parts without damage to the overall value of the property, that there were business buildings on other parcels, and that the unimproved property, which consisted principally of lots, could not be geographically divided in a way which would be equitable to both parties.[1]

---

**1.** It also does not appear that the allotment of certain parcels to the appellant and others to her former husband would have been feasible or in the best interests of the parties. The parcels had widely divergent characters. Some were used by the appellant's husband in his medical practice, others were rental property, still others were vacant land. This Court believes that the parties would have become involved in lengthy wrangling and possibly addi-

It does not appear that the appellant objected to or took exception to these findings and that the appellant allowed the trial court to direct the sale of the property.

Under the circumstances, this Court does not believe that the trial court erred in allowing the partition sale to proceed.

The appellant's second assignment of error is that the trial court erred in failing to set aside the partition sale because of inadequacy of the proceeds received at the sale.

The general rule relating to setting aside partition sales on the ground of inadequacy of proceeds is set forth in 68 C.J.S. *Partition* § 197(f) (1950):

> The general rule is that mere inadequacy of price is not a sufficient ground for setting aside a partition sale, unless the inadequacy is so gross as to shock the conscience of the court, or to establish, or raise the presumption of, fraud.

Although there are a number of exceptions to this rule, the appellant does not appear to fall into any of the excepted categories. The exceptions include sales involving infants or persons under some legal disability, sales where it has affirmatively appeared that there has been some circumstance chilling the appearance or bidding of prospective bidders, or sales where it has been affirmatively shown that there was collusion or outright fraud preventing a fair sale.

Because the appellant has failed to show that she falls within the excepted categories, the real question in this case is whether the price received at the partition sale was so gross as to shock the conscience of the Court.

A partition sale is a forced sale, and for that reason courts have been hesitant to find that a bid substantially below an appraised value or an arm's length transaction value is so grossly inadequate to shock the conscience. Bids often amounting to only 50% or less of the appraised or arm's length value have been upheld. For instance, in the case of *Martin v. Martin*, 415 So.2d 1120 (Ala.Civ.App.1982), the court upheld a cotenant's purchase of property at a partition sale for $15,600, although the property had originally been purchased for $32,500 and although another bidder appeared after the conclusion of the sale and offered $20,000. Likewise, in *In Re Paslay's Appeal*, 230 S.C. 55, 94 S.E.2d 57 (1956), the court stated that a sale price of $450 did not shock the conscience when the alleged value of the property was $1,000. In the case of *Dougherty v. McKeever*, 502 S.W.2d 430 (Mo.App. 1973), the court found that the testimony of a real estate broker that property which sold for $5,000 should have sold for at least $15,000 to $20,000 did not justify the setting aside of the sale.

In *Crossman v. Meek*, 27 Ariz.App. 477, 556 P.2d 325 (1976), the court did face a situation which shocked its conscience and which justified the setting aside of a purchaser's bid. In that case, a parcel of property which was admittedly worth $6,000 was sold for $59.

In the case presently under consideration, the appellant points out that the commissioners who appraised the nineteen parcels found that they were worth $336,900, and she also points out that in an affidavit filed by her former husband in their divorce proceeding he indicated that their value was $511,000. She takes the position that under these circumstances the $241,926 received for the nineteen parcels at the sale was grossly inadequate and should justify the setting aside of the sale.

---

tional litigation if one party had been awarded the income-producing property and the other the non-income-producing property. If the appellant had been awarded the property apparently used by her ex-husband in his medical practice, she almost certainly would be involved in additional conflict with him, but would she have been happy to accept vacant lots and rental land in lieu of it? Also, in determining the relative values of the parcels, conflict would almost certainly have arisen, and the resolution of that conflict ultimately would require the expenditure of substantial sums for appraisals with the probable result that neither party would be content with the outcome. If the parties could have agreed upon the division of the parcels, they could have privately partitioned them without the institution of this proceeding.

In view of the fact that a partition sale is a forced sale, and in view of the further fact that cases from other jurisdictions indicate that proceeds of less than 50% of the appraised or actual value of the property received at a partition sale is not so gross as to shock the conscience of the court, this Court does not believe that the appellant's assertion has merit or that the amount received at the partition sale was so grossly inadequate as to require the setting aside of the sale.

For the reasons stated, the judgment of the Circuit Court of Marion County is affirmed.

Affirmed.

Justice McHUGH would reverse the judgment of the trial court for the reason that the property should have been partitioned in kind, because it was not shown that the interests of the appellant would be promoted by the sale thereof. Furthermore, under the circumstances of this case, the proceeds were inadequate.