452 S.E.2d 720

**LAWYER DISCIPLINARY BOARD, Petitioner,**

v.

**Charles F. PRINTZ, Jr., a Member of the West Virginia State Bar, Respondent.**

**No. 22431.**

Supreme Court of Appeals of West Virginia.

Submitted Nov. 1, 1994.

Decided Dec. 9, 1994.

Teresa A. Tarr, Disciplinary Counsel, Lawyer Disciplinary Bd., Charleston, for petitioner.

Robert B. King, Stephanie D. Thacker, King, Allen & Arnold, Charleston, Forest J. Bowman, College of Law, West Virginia University, Morgantown, for respondent.

PER CURIAM:

This matter is before the Court upon the recommendation of the Lawyer Disciplinary Board (hereinafter "the Board") that attorney Charles F. Printz, Jr., receive a public reprimand and be required to pay $3603.36 for costs incurred in the investigation and litigation of the proceedings against him. After thorough evaluation of the matter presented, we decline to adopt the recommendations of the Board and find no reprimand of Mr. Printz necessary.

I.

By order dated July 16, 1980, Dr. Aurelio Benavides and Mrs. Luz Dolly Benavides were granted a divorce. In October 1980, the legal services of Mr. Richard Douglas and Mr. Stephen Starkey of the law firm of Rice, Hannis & Douglas[1] were obtained by Mrs. Benavides in connection with issues of child support, visitation, alimony, the prosecution of an assault and battery against Dr. Benavides, the preparation of a will, and the institution of a civil action against Dr. Benavides for breach of agreement. The representation by the law firm terminated in April 1985.

---

1. In 1986, the law firm of Rice, Hannis & Douglas became Rice, Douglas & Shingleton. This law firm ultimately became Bowles, Rice, McDavid, Graff & Love on January 1, 1989.

On September 23, 1991, subsequent to a partition suit instituted by Dr. Benavides, the Circuit Court of Berkeley County approved the sale of the parties' former marital residence to Dr. Benavides and rejected Mrs. Benavides' upset bid on the home. Mrs. Benavides then appealed that decision to this Court, and Dr. Benavides attempted to secure counsel to represent him in the appeal. Dr. Benavides approached Mr. Printz concerning the representation. Before accepting the representation, however, Mr. Printz determined to his own satisfaction that the issues to be evaluated in the appeal for which his representation was sought were not substantially related to the issues addressed by his firm when it represented the interests of Mrs. Benavides several years earlier. Consequently, Mr. Printz accepted the representation of Dr. Benavides.

Ms. Sally G. Jackson served as counsel to Mrs. Benavides for the appeal of the lower court's order to this Court.[2] On January 21, 1992, Ms. Jackson wrote to Mr. Printz to protest his representation of Dr. Benavides. Mr. Printz responded to Ms. Jackson's letter on January 27, 1992, and explained that he had considered the potential conflict and had concluded that the representation was not substantially related to the prior representation of Mrs. Benavides. Mr. Printz also requested that Ms. Jackson provide him with any authority supportive of her contention that the representation was improper. Ms. Jackson did not respond to this request. Mr. Printz thereafter undertook an exhaustive investigation into the ethical propriety of the representation and consulted Ellen Maxwell–Hoffman of the Charleston office of Bowles, Rice, McDavid, Graff & Love. Ms. Hoffman routinely handled inquiries into issues of ethics which arose in the firm's representation of its clients or potential clients. After contacting the American Bar Association (hereinafter "the ABA") for advice from its ethics office and conducting her own research into the matter, Ms. Hoffman concluded that no substantial relationship existed between the prior representation and Mr. Printz' representation of Dr. Benavides. Thus, Mr. Printz continued to represent Dr. Benavides.

On January 21, 1992, prior to her attorney's receipt of the responsive letter from Mr. Printz, Mrs. Benavides contacted the State Bar and requested that it dismiss Mr. Printz as attorney for her former husband in the appellate proceeding before this Court. Mrs. Benavides contacted the Bar a second time with regard to this issue on February 24, 1992. In March 1992, a complaint on behalf of Mrs. Benavides against Mr. Printz was filed with the Bar.[3] On June 11, 1992, Mr. Printz responded to the Bar and explained his position regarding the representation of Dr. Benavides. He received no response from the Bar.[4]

On July 16, 1993, this Court issued its opinion affirming the determinations of the Circuit Court of Berkeley County regarding the partition suit and the sale of the marital home to Dr. Benavides.[5] Subsequent to the affirmation, the only remaining issue to be addressed in the lower court was the division of the proceeds from the sale of the marital home. Mr. Printz continued his representation of Dr. Benavides as resolution of this issue was initiated. In December 1993, Mr. Printz appeared on behalf of Dr. Benavides in a status conference on the issue of division of proceeds. In addition, Mr. Printz propounded interrogatories which requested

---

2. Ms. Jackson had been employed by Bowles, Rice, McDavid, Graff & Love until 1991 and was practicing in Martinsburg, West Virginia, at the time she undertook representation of Mrs. Benavides.

3. Mr. Printz contends that the circumstances of this case reveal a failure and improper utilization of the lawyer disciplinary process due to the decision of Mrs. Benevides and her counsel to file an ethical complaint rather than simply filing a motion to disqualify Mr. Printz. Mr. Printz also contends that the Bar and its Ethics Committee, by their two years of inaction, waived any right to complain of Mr. Printz' alleged violation and are estopped from making the present allegations. Because we find no underlying violation, we need not address these contentions.

4. Mr. Printz received no immediate response from the Bar and did not have additional contact from the Bar until these charges were filed approximately one and one-half years later on January 7, 1994.

5. *Benavides v. Shenandoah Fed. Sav. Bank,* 189 W.Va. 590, 433 S.E.2d 528 (1993).

from Mrs. Benavides any information regarding the payments, mortgage payments, upkeep, taxes, or other expenditures made by Mrs. Benavides on the marital home.

On January 7, 1994, Mr. Printz was served with charges of the Investigative Panel of the Bar alleging violations of the West Virginia Rules of Professional Conduct. Mr. Printz withdrew as counsel to Dr. Benavides on January 21, 1994. A hearing on the matter was held on April 15, 1994, and the Board recommended on July 16, 1994, that Mr. Printz receive a public reprimand for his alleged violation of Rules 1.9 and 1.10 of the West Virginia Rules of Professional Conduct and pay the costs of the proceedings against him.

## II.

The Board contends that Mr. Printz' representation of Dr. Benavides was improper and in violation of Rules 1.9 and 1.10 of the West Virginia Rules of Professional Conduct. Rule 1.9(a) provides that "[a] lawyer who has formerly represented a client in a matter shall not thereafter represent another person in the same or substantially related matter in which that person's interest[s] are materially adverse to the interests of the former client unless the former client consents after consultation." Rule 1.10(a) provides that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by Rules 1.7, 1.8(c), 1.9 or 2.2."

■ In syllabus point 2 of *State ex rel. McClanahan v. Hamilton*, 189 W.Va. 290, 430 S.E.2d 569 (1993), we explained the following: "Rule 1.9(a) of the Rules of Professional Conduct, precludes an attorney who has formerly represented a client in a matter from representing another person in the same or a substantially related matter that is materially adverse to the interests of the former client unless the former client consents after consultation." In syllabus point 3 of *McClanahan*, we stated that "[u]nder Rule

1.9(a) of the Rules of Professional Conduct, determining whether an attorney's current representation involves a substantially related matter to that of a former client requires an analysis of the facts, circumstances, and legal issues of the two representations." In *McClanahan*, a prosecuting attorney was prevented from prosecuting a former client for malicious assault on her husband because the prosecutor had previously represented the woman in a divorce action based upon cruel and inhuman treatment. 189 W.Va. at 291, 430 S.E.2d at 570.

Admittedly, the *McClanahan* opinion had not yet been decided when Mr. Printz was faced with the decision regarding the propriety of representation of Dr. Benavides. Our judicial interpretation of Rule 1.9 in *McClanahan*, however, is nothing more than a restatement of the Rule and an application to the specific factual scenario presented in that particular case. Thus, we are not inclined to adjudge Mr. Printz to be at any discernable disadvantage in not having the guidance of *McClanahan* at his disposal during his decision-making process.

■ The evaluation undertaken by Mr. Printz accurately identified the ethical issues raised and the factors germane to the resolution of the question. Although Mr. Printz may have been better-advised, out of an abundance of caution, not to have accepted this representation,[6] we cannot conclude that his decision to the contrary constituted a violation of the Rules of Professional Conduct. In our judgment, the prior representation of Mrs. Benavides by members of Mr. Printz' law firm was not substantially related to the representation by Mr. Printz of the interests of Dr. Benavides in the partition appeal to this Court. The prior representation dealt with issues of visitation, child support, alimony, and other matters not directly related to the divorce. The subsequent representation of Dr. Benavides in the appeal dealt with issues concerning the effect of an upset bid on a partition sale and the circumstances under which an upset bid should be accepted. The appeal of the partition suit

---

6. We also note parenthetically that Mr. Printz did not contact the West Virginia State Bar for advice on this legal ethics issue. While there is no authority mandating such contact, Mr. Printz' investigation of the issue would have been more thorough, and as a practical matter perhaps less adversarial at this point, had he contacted the Bar initially to obtain its guidance on this matter.

was in effect a legal issue having no direct relationship to the underlying divorce. The Board contends that the partition suit was necessary only because the oldest child of the parties had reached majority and because Dr. Benavides had gained custody of the youngest child. The fact that the partition suit would not have been necessary if there had been no underlying divorce is obvious; however, that connection is not enough to justify the conclusion that the legal matters to be resolved were substantially related and that a violation of the Rules of Professional Conduct resulted.

Although the representation of Dr. Benavides in the subsequent resolution of the appropriate division of proceeds from the sale would have been a much more troublesome ethical issue, we find that Mr. Printz' withdrawal as counsel after participating only in a status conference and in propounding interrogatories prevented any ethical dilemma which might have developed.

Rule 1.9 is very concise and unambiguous. A determination of violation is not based upon prejudice to any party, upon the efforts of the attorney to avoid unethical representation, upon the timely action of the State Bar, or upon a simple appearance of impropriety. Instead, the rule unequivocally states that if the two representations involve the same or substantially related matter and the interests of the two clients are materially adverse, an ethical violation will occur, absent former client consent following consultation. In evaluating the issues which were addressed in the prior representation and comparing those to the issues involved in the subsequent representation of Dr. Benavides by Mr. Printz, we do not find a violation of the Rules of Professional Conduct and hereby decline to adopt the recommendations of the Board.

Dismissed.

BROTHERTON, C.J., and CLECKLEY, J., did not participate.

MILLER, Retired Justice, sitting by temporary assignment.