# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

**Alex D. Rahmi,**
**Petitioner Below, Petitioner**

**FILED**

**May 3, 2013**
**RORY L. PERRY II, CLERK**
**SUPREME COURT OF APPEALS**
**OF WEST VIRGINIA**

**vs.)  No. 11-1667** (Jefferson County 10-C-284)

**Sovereign Bank,**
**Respondent Below, Respondent**

## MEMORANDUM DECISION

Petitioner Alex D. Rahmi, *pro se*, appeals two orders of the Circuit Court of Jefferson County. In its August 30, 2011 order, the circuit court denied petitioner's request for a preliminary injunction. In a subsequent order entered October 31, 2011, the circuit court denied petitioner's motion to amend/emergency petition for a temporary restraining order. Respondent Sovereign Bank, by Christopher K. Robertson, its attorney, filed a response to which petitioner filed a reply.

The Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Petitioner is the sole member of Universal Enterprises of West Virginia, LLC ("Universal"). On or about August 8, 2006, respondent made a loan to Universal in the principal amount of $2,100,000. The loan was secured by a deed of trust on real estate owned by Universal generally known as 1 Chevrolet Drive, Charles Town, West Virginia, 25414 ("the property"). Petitioner and Alex Chevrolet, Inc.[1] guaranteed the loan.

Although the events preceding this dispute are lengthy, the facts pertinent to petitioner's appeal are brief. Petitioner never challenged the Maryland court judgment respondent obtained against him after Universal defaulted on the loan. The amount of the judgment was $2,321,461.44 plus contractual attorney's fees of $348,219.22.

---

[1] Petitioner is the sole shareholder of Alex Chevrolet, Inc.

1

Petitioner never challenged respondent's domestication of its Maryland court judgment in the State of West Virginia. Petitioner's only challenge is to the adequacy of the price respondent obtained for the property at the September 2, 2010 foreclosure sale.

At the foreclosure sale, respondent sold the property to PBE Companies, LLC[2] for $1,600,000. After accounting for $10,968.56 in expenses incurred in the sale, respondent applied the net proceeds ($1,589,031.44) to the loan, which left a balance of $1,336,425.56.

Thomas Motta, a licensed certified real estate appraiser, valued the property numerous times at respondent's request. In July of 2006, Mr. Motta appraised the property as having a value of $4,260,000. As Mr. Motta explained at an August 19, 2011, hearing, however, this appraisal occurred before the downturn in the real estate market, the fall out of the automobile industry, and petitioner's loss of his Chevrolet franchise. On July 20, 2009, Mr. Motta appraised the property at $3,000,000. On May 19, 2010, Mr. Motta valued the property at $2,700,000.

On March 7, 2011, Mr. Motta appraised the property as having a value of $2,050,000. On March 18, 2011, Mr. Motta provided a retrospective appraisal of the property's value during September of 2010, the approximate date of the foreclosure sell. Mr. Motto's retrospective appraisal also valued the property at $2,050,000.

On May 13, 2011, petitioner filed a request for a preliminary injunction and a memorandum of law in support of the injunction. In the memorandum of law, petitioner argued that a foreclosure sale can be challenged and set aside, and alleged fraud and civil conspiracy on respondent's part. As relief, petitioner requested "a Preliminary Injunction to prevent [respondent] from obtaining any assets belonging to [petitioner] including and not limited to Bon Air funds."

Petitioner is a partner in the Bon-Air Partnership ("Bon-Air") which is in bankruptcy. Respondent served a suggestion upon the bankruptcy trustee that the funds representing petitioner's partnership interest were subject to its judgment lien. The bankruptcy trustee answered respondent's suggestion by indicating that he would pay the funds representing petitioner's partnership interest over to it once he completed his duties as trustee.

Petitioner's request for a preliminary injunction came on for a hearing on August 19, 2011. The circuit court took the testimony of Mr. Motta and heard the arguments of the parties.

In an order entered August 31, 2011, the circuit court denied petitioner's request on both procedural and substantive grounds. The circuit court found the following procedural shortcomings with petitioner's request: (1) petitioner failed to serve respondent with a copy of his request for a preliminary injunction;[3] (2) although petitioner requested a *preliminary* injunction, he filed no complaint or other pleading seeking more permanent relief; and (3) petitioner would

---

[2] PBE Companies, Inc. is a wholly-owned subsidiary of respondent.

[3] Respondent only found out about the request for injunctive relief through a separate proceeding in bankruptcy court.

not be able to post a bond in the amount necessary for an injunction to go into effect, citing *State ex rel. Lloyd's Inc. v. Facemire*, 224 W.Va. 558, 687 S.E.2d 341 (2009) (stating that an injunction is void when the order requires no bond or does not state why a bond is not required).[4]

On the substantive issues, the circuit court noted that it reviewed the various appraisals conducted by Mr. Motta and found that "[t]hey contradict [petitioner]'s contention regarding the value of the [property] when it was foreclosed upon by [respondent]." The circuit court noted "Mr. Motta's expertise and candor in responding to questions posed by [petitioner], [respondent's counsel], and the Court" and found that Mr. Motta's testimony was "very credible."

Mr. Motta opined that at the time of the foreclosure sale, the property had a value of $2,050,000. The property was purchased for 78% of that value ($1,600,000). Accordingly, the circuit court found that "the Universal foreclosure sale was regular and proper and that the price obtained was close to the fair market value of the real estate and does not shock the conscience or support a claim of fraud," citing *Smith v. Rusmisell*, 205 W.Va. 261, 517 S.E.2d 494 (1999) (directing the confirmation of a sale where the successful bid was 55% of fair market value). The circuit court further found that the public interest weighed against granting a preliminary injunction because the effect of an injunction "would be essentially to require the Trustee of the Bon-Air Bankruptcy Estate to pay funds to [petitioner] despite [respondent]'s lien on those funds and notwithstanding the substantial risk that [petitioner] may divert those funds from [respondent]'s valid collection efforts."

The circuit court denied petitioner's request made during oral argument that he be allowed a continuance to have his own appraiser assess the property because, *inter alia*, "the Court believes that even if it were to give [petitioner] additional time to obtain an appraisal of the [property], [petitioner] would still be unable to sustain the burden of proof required for the award of a preliminary injunction."[5] In denying petitioner injunctive relief, the circuit court ordered that the case was to be kept open only to the extent necessary to allow respondent to continue with its collection efforts.

On September 6, 2011, petitioner filed a motion to amend/emergency petition for a temporary restraining order for ninety-five days in which to conduct discovery on his fraud claim. The circuit court denied the motion/emergency petition finding that petitioner "renews arguments previously rejected by the Court."

---

[4] The circuit court found that it would have had to require a bond in the amount of $1,435,650.34, which was how much petitioner owed respondent "as of May 31, 2011." The circuit court found that "[petitioner] admitted under oath in his recently filed bankruptcy cases that he does not have sufficient assets to satisfy a bond in this amount."

[5] Petitioner subsequently obtained his own appraisal of the property in December of 2011. Petitioner included that appraisal in his appendix record. However, by an order entered June 27, 2012, this Court granted respondent's motion to strike petitioner's appendix. Therefore, the appraisal obtained by petitioner has not been considered.

We review a circuit court's order denying a preliminary injunction under the following standard:

> In reviewing objections to the findings of fact and conclusions of law supporting the granting or the denial of a temporary or preliminary injunction, we will apply a three-pronged deferential standard of review. We review the final order granting or denying the temporary injunction and the ultimate disposition under an abuse of discretion standard, we review the circuit court's underlying factual findings under a clearly erroneous standard, and we review questions of law de novo.

Syl. Pt. 1, *Bansbach v. Harbin*, 229 W.Va. 287, 728 S.E.2d 533 (2012). This standard also applies to the circuit court's denial of petitioner's motion to amend/emergency petition. *See* Syl. Pt. 1, *Wickland v. American Travellers Life Insurance Company.*, 204 W.Va. 430, 513 S.E.2d 657 (1998).

On appeal,[6] petitioner argues that the price obtained for the property at the foreclosure sale was so low that it shocks the conscience. *See* Syl. Pt. 3, in part, *Rife v. Woolfolk*, 169 W.Va. 660, 289 S.E.2d 220 (1982) ("A sale of real estate by a trustee will not be set aside upon the ground of inadequacy of price unless such inadequacy is so great as to shock the conscience of the chancellor.") (internal quotations and citations omitted). Respondent notes that based on the undisputed testimony of Mr. Motta, the property's market value on the date of the foreclosure sale was $2,050,000 and that it was purchased at 78% of that value. Respondent further notes that Mr. Motta impressed the circuit court with his expertise and candor. "An appellate court may not decide the credibility of witnesses or weigh evidence as that is the exclusive function and task of the trier of fact." *State v. Guthrie*, 194 W.Va. 657, 669 n. 9, 461 S.E.2d 163, 175 n. 9 (1995). This Court finds no basis to disturb the circuit court's determination that Mr. Motta's testimony was "very credible." Therefore, after careful consideration, this Court concludes that the circuit court did not abuse its discretion in denying petitioner's request for a preliminary injunction. Because petitioner simply reiterated arguments previously made, this Court also finds that the circuit court did not abuse its discretion in denying his motion to amend/emergency petition.

For the foregoing reasons, we find no error in the decision of the Circuit Court of Jefferson County. We affirm both the circuit court's August 30, 2011 order, denying petitioner's request for a preliminary injunction and its subsequent order, entered October 31, 2011, denying his motion to amend/emergency petition for a temporary restraining order.

Affirmed.

---

[6] This Court notes the parties' arguments concerning the procedural defects the circuit court found with petitioner's request for injunctive relief. However, because this Court can dispose of the appeal on its merits, we proceed to do so.

**ISSUED:** May 3, 2013

**CONCURRED IN BY:**

Chief Justice Brent D. Benjamin
Justice Robin Jean Davis
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II