501 S.E.2d 477

**Mary Leanette WILLIAMS, Plaintiff Below, Appellant,**

v.

**Stephen James WILLIAMS, Defendant Below, Appellee.**

No. 24433.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 20, 1998.

Decided Feb. 25, 1998.

James F. Cain, Elkins, for Appellant.

James R. Fox, Jory & Smith, Elkins, for Appellee.

## PER CURIAM: [1]

 This appeal was brought by Mary Leanette Williams, plaintiff/appellant, assigning as error an order by the Circuit Court of Randolph County requiring her to relinquish title to property held jointly with her former spouse, Stephen James Williams, defendant/appellee.[2]

### I.

This case stems from a divorce granted to the parties on December 13, 1993. The divorce was granted on the grounds of irreconcilable differences. Neither party was represented by legal counsel during the divorce proceeding. The divorce decree incorporated a "settlement agreement" prepared and executed by the parties. The specific language at issue in this appeal relates to the parties' jointly held real estate. The settlement agreement which consisted of only three (3) paragraphs stated:

### SETTLEMENT AGREEMENT

Complete custody of the children Oliver Jay Williams and Amy Darlene Williams will be in the care of their mother, Mary Leanette Williams, with their father Stephen James Williams [having] visitation of every other week-end and for one month during the summer vacation from school. Mary Leanette Williams will have control of the home and property to live in with the children as long as she wants or needs the home and property. If she moves to another location the home and property goes back to Stephen James Williams.

Stephen James Williams will pay child support to Mary Leanette Williams in the sum of monthly for the two children. When each child turns 18 years old the child support will stop.

Stephen James Williams .

Mary Leanette Williams

(Notary)

 At some point in 1995, Ms. Williams moved from the home. Mr. Williams subsequently filed a motion requesting that Ms. Williams be required to execute a deed conveying her undivided one-half (1/2) interest in the real estate to him. The lower courts found that by the terms of the settlement agreement, Ms. Williams had to execute a deed conveying her interest in the home to Mr. Williams. This appeal followed that determination.

### II.

 The standard of review of this case involves the three pronged analysis set out in syllabus point 1 of *Burnside v. Burnside*, 194 W.Va. 263, 460 S.E.2d 264 (1995). In this Court's examination of the settlement agreement between the parties, we cannot discern any language in the agreement which requires Ms. Williams, upon vacating the residence, to transfer to Mr. Williams her interest in the family home and property.[3] A settlement agreement entered into by the parties is binding. *See* Syl. Pt. 2, *Warner v. Warner*, 183 W.Va. 90, 394 S.E.2d 74 (1990).

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4. (1992).

2. All other assignments of error by Ms. Williams are without merit.

3. During the July 3, 1996, hearing, Ms. Williams testified that she understood that if, and/or when, she vacated the former marital domicile, Mr. Williams would have the immediate right to occupy the home. Ms. Williams testified that she never intended, by execution of the settlement

The wording of the settlement agreement only permits Mr. Williams to regain possession of the home and property, in the event Ms. Williams moves from the residence. The circuit court's order, in effect, permits Mr. Williams to modify the language of the settlement agreement. This was error. The circuit court's order also permits, without factual or legal justification, an unequal distribution of marital property. This, too, was error. *See* Syl. Pt. 6, *Wood v. Wood,* 184 W.Va. 744, 403 S.E.2d 761 (1991). The circuit court's order, entered October 17, 1996, requiring Ms. Williams to relinquish her one-half interest in the family home and property to Mr. Williams, is reversed.[4]

Reversed and Remanded.

agreement to convey her one-half (1/2) interest in said real estate to Mr. Williams.

4. In the event Mr. Williams chooses to vacate the residence and the parties decide to sell, lease or rent the home, they are each entitled to one-half (1/2) of the proceeds therefrom.