546 S.E.2d 767

**Mary Leanette (Williams) COOK, Plaintiff below, Appellant,**

v.

**Stephen James WILLIAMS, Defendant below, Appellee.**

No. 28484.

Supreme Court of Appeals of West Virginia.

Submitted Feb. 7, 2001.

Decided April 26, 2001.

James F. Cain, Elkins, for Appellant.

James R. Fox, Jory & Smith, L.C., Elkins, for Appellee.

PER CURIAM:

In this case we are asked to review a July 23, 1999 order of the Circuit Court of Randolph County that granted summary judgment to the defendant in a partition suit. After consideration of the briefs and arguments of the parties, and all matters of record, we reverse.

## I.

The instant case involves a dispute over the ownership interests of the parties to a parcel of marital real estate. We previously addressed this dispute in *Williams v. Williams,* 202 W.Va. 41, 501 S.E.2d 477 (1998) (*per curiam*).

In 1983, plaintiff-appellant Mary Leanette Cook and defendant-appellee Stephen James Williams became the owners of a home located in Randolph County, West Virginia. At the time, the parties were married.

In 1993, the plaintiff filed for divorce from the defendant, and the circuit court granted a divorce on the grounds of irreconcilable differences. The parties, who were not represented by legal counsel, prepared a "settlement agreement" which was incorporated into the divorce decree. The settlement agreement stated that the plaintiff would have custody of the parties' children and could live in the Randolph County home "as long as she wants or needs the home and property." However, "[i]f she move[d] to another location the home and property goes back to" the defendant.

In 1995, the plaintiff moved from the home. The defendant filed a motion seeking to compel the plaintiff to execute a deed conveying her undivided one-half interest in the property to the defendant. The circuit court entered an order forcing the plaintiff to execute a deed conveying her interest in the home to the defendant. The plaintiff appealed.

On appeal, we reversed the circuit court's order. We found that the circuit court had misconstrued the parties' settlement agreement, holding that we could not "discern any language in the agreement which requires Ms. Williams, upon vacating the residence, to transfer to Mr. Williams her interest in the family home and property." *Williams*, 202 W.Va. at 42, 501 S.E.2d at 478. We concluded that requiring the plaintiff to give the defendant her share of the marital real estate would disrupt the equitable distribution of marital assets, thereby giving the parties an unequal share of marital property. Finally, we remanded the divorce case for further proceedings.

At issue in the instant case is language which is contained in footnote 4 to this Court's earlier opinion. We suggested, as part of our discussion regarding the equitable distribution of the parties' marital property, that "[i]n the event Mr. Williams chooses to vacate the residence and the parties decide to sell, lease or rent the home, they are each entitled to one-half (½) of the proceeds therefrom." 202 W.Va. at 43 fn. 4, 501 S.E.2d at 479 fn. 4.

Upon remand of the divorce action, the circuit court interpreted the statement in footnote 4 as a directive by this Court that the defendant could reside on the property indefinitely, and that the marital property could not be sold or distributed between the parties until the defendant chose to vacate the premises.

On April 7, 1999, the plaintiff filed the instant partition action against the defendant, requesting that the Randolph County property be sold and the proceeds distributed between the parties. The defendant subsequently filed a motion for summary judgment, and in an order dated July 23, 1999, the circuit court granted the defendant's motion. The circuit court concluded that the plaintiff was attempting to "circumvent the Supreme Court decision" and deprive the defendant of his right to reside in the home indefinitely. The circuit court also noted that the defendant had made improvements to the property subsequent to the divorce. The circuit court therefore concluded that the plaintiff's partition action was barred.

The plaintiff now appeals the circuit court's July 23, 1999 summary judgment order.

## II.

We review the circuit court's order *de novo*. We have often stated that we review *de novo* a circuit court's entry of summary judgment under Rule 56 of the *West Virginia Rules of Civil Procedure*, and apply the same standard that the circuit courts employ in examining summary judgment motions. Syllabus Point 1, *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994). We established the traditional standard for granting summary judgment in Syllabus Point 3 of *Aetna Casualty & Surety Co. v. Federal Ins. Co. of N.Y.*, 148 W.Va. 160, 133 S.E.2d 770 (1963) where we held:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and

inquiry concerning the facts is not desirable to clarify the application of the law.

The parties to the instant action do not dispute that the plaintiff owns an undivided interest in the Randolph County property.[1] The dispute is whether the plaintiff is entitled to the use of her share of the marital property now, or whether she is required to wait until the defendant relinquishes his possession of the property.

W.Va.Code, 37–4–1, et seq., sets forth the procedure to be used in a partition suit. The statute gives circuit courts jurisdiction to partition certain ownership rights to land, but "[w]here it clearly appears to the court that partition cannot be conveniently made, the court may order sale[.]" W.Va.Code, 37–4–3 [1957]. A circuit court may order the sale of property when it is shown that "the interests of one or more of the parties will be promoted by the sale, and that the interests of the other parties will not be prejudiced by the sale." Syllabus Point 3, Consolidated Gas Supply Corp. v. Riley, 161 W.Va. 782, 247 S.E.2d 712 (1978).

In the instant case, the plaintiff alleged that the joint ownership rights of the parties to the Randolph County property were not susceptible to partition, and asked that the circuit court order the property to be sold. The defendant alleges that he is currently using the property for a business—in essence, conceding that the property is not susceptible to partition. Furthermore, the defendant appears to allege that because he has made improvements to the marital property, he would lose the benefits of these improvements through a partition or sale of the property.

As stated previously, footnote 4 of Williams v. Williams, supra, formed the basis of the circuit court's holding that the plaintiff was not entitled to the immediate use of her share of the marital property. In that footnote, we indicated that the plaintiff would be entitled to one-half of the proceeds from the sale, lease or rental of the property "[i]n the event Mr. Williams chooses to vacate the premises[.]" We did not, however, mean to suggest that the plaintiff could obtain her equitable share of the marital property only after the defendant vacated the premises.

In the instant case, we see no legal constraints[2] which would impair the plaintiff's immediate right to seek partition of the property, pursuant to W.Va.Code, 37–4–1, et seq., as a means of acquiring her equitable share of the marital property. Having reviewed the record, it appears that additional inquiry concerning whether and/or how the Randolph County property can be partitioned or sold is desirable to clarify the application of the partition statutes. We therefore find that the circuit court erred in granting summary judgment to the defendant.

### III.

The circuit court's July 23, 1999 order is reversed, and the case is remanded for proceedings consistent with this opinion.

Reversed and Remanded.

---

**1.** The parties also do not dispute the use of a partition suit as a means of dividing up the marital estate. This Court has reviewed and approved similar partition suits in divorce actions. See, e.g., Benavides v. Shenandoah Federal Savings Bank, 189 W.Va. 590, 433 S.E.2d 528 (1993) (per curiam ) (Court approved sale of marital home in partition suit by husband); Koay v. Koay, 178 W.Va. 280, 359 S.E.2d 113 (1987) (per curiam ) (Court approved circuit court's sale in a partition suit of 19 parcels of property jointly owned by divorcing parties, but noted that circuit court had removed the former marital home and an adjoining lot from the partition suit because wife was residing in the home with the parties' children).

**2.** For example, neither party has use of the property as an incident of child or spousal support.